THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ÁNGEL LUIS AYALA ORTEGA, Defendant and Appellant.

No. CR-63-224.     Decided March 16, 1964.

*Raúl Torres González* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Manuel Tirado Viera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of burglary in the first degree by a court without a jury. He assigns five errors but we shall only consider one because in view of the fact that it was committed the judgment will be reversed and the case remanded to the court of instance for a new trial.

Appellant maintains that the trial court erred in admitting his confession. The defendant made a sworn statement before the prosecuting attorney and alleged that he confessed under the threats of a detective.

The prosecuting attorney upon testifying on the voluntariness of the confession states that the defendant confessed freely. He was not cross-examined by the defendant. The prosecuting attorney then presented the confession in evidence. The judge admitted it. The defendant objected "because we shall allege as an objection that it was not

voluntarily made." He alleges that he was coerced by a detective before being taken to the office of the prosecuting attorney. He maintains "that defendant should first be heard and then it should be determined whether the confession is admissible." The judge overruled the objection and stated: "The document has been admitted in evidence because the prosecuting attorney has testified under oath, supported by statements of the defendant through the colleague who states that this young man confessed voluntarily before the prosecuting attorney without any threats or anything at the moment of testifying. . . ." And further he states, "What shall be the grounds of the colleague if the defendant accepts that he testified voluntarily before the prosecuting attorney?" And when the attorney states that there were previous threats the judge answers "that evidence must be presented as rebuttal to the testimony of the district attorney and to the sworn statement itself."

When the turn came for the defendant to present the evidence he testified as to the threats. But it appears from the foregoing that the judge had already determined that the confession was voluntary, he had admitted it in evidence because he believed that when the defendant admitted that the prosecuting attorney had not threatened him, he had accepted that his confession was voluntary. This attitude of the judge reveals that he did not consider as sufficient reason to challenge the voluntary character of the confession, the threats that the defendant might have received prior to his appearance and to admitting the facts before the prosecuting attorney.

The judgment appealed from will be reversed and a new trial ordered.